[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 29, 2008
THOMAS K. KAHN
CLERK

No. 07-11802
Non-Argument Calendar

------------------------------------------

D.C. Docket No. 06-01223-CV-IPMJ-TMP

DARRELL J. MCNEAL,

                                        Petitioner-Appellant,

                    versus

LEON FORNISS,
ATTORNEY GENERAL OF ALABAMA,

                                        Respondents-Appellees.

----------------------------------------
No. 07-12709
Non-Argument Calendar
----------------------------------------

D.C. Docket No. 06-01223-CV-2-IPJ-TMP

DARRELL J. MCNEAL,

                                        Petitioner-Appellant,

                    versus

LEON FORNISS,

Respondent-Appellee.

-----------------------------------------------------------------

Appeals from the United States District Court
for the Northern District of Alabama

-----------------------------------------------------------------

**(May 29, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Darrell J. McNeal, an Alabama state prisoner proceeding pro se, appeals the district court's dismissal of his federal habeas petition, brought pursuant to 28 U.S.C. § 2254, as time-barred, together with the denial of post-judgment Fed.R.Civ.P. 60(b) motions to vacate that dismissal. No reversible error has been shown; we affirm.

We granted a certificate of appealability on a single issue: whether an affidavit Petitioner submitted in connection with his state habeas petition was still pending before the state court so that the federal statute of limitations period under 28 U.S.C. § 2244(d)(2) was tolled. Under 28 U.S.C. § 2244(d)(2), the period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the one-year limitation period for filing federal habeas petitions set out in 28 U.S.C. § 2244(d)(1). For purposes

of section 2244(d)(2), a "state post-conviction application is 'pending' ... both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's _timely_ filing of a petition for review at the next level."  Wade v. Battle, 379 F.3d 1254, 1262 (11th Cir. 2004) (emphasis in original) (citing Carey v. Saffold, 122 S.Ct. 2134 (2002).

Critical to the issue posed by the certificate of appealability is the status of Petitioner's 6 April 2004 filings in state court.  On that date, Petitioner submitted a state habeas petition to which he attached an "Affidavit in Support of Order to Show Cause to Vacate Judgment for Perjured Testimony" (the "Affidavit").  This Affidavit sought a "writ of error coram nobis" setting aside his conviction for sexual abuse.  In June 2004, the state court returned Petitioner's state habeas petition to him unfiled and instructed him to file it as a Rule 32 petition.[1]  On 7 December 2004, Petitioner filed a Rule 32 petition; the state court determined that filing was time-barred.

---

[1]Rule 32.4 of the Alabama Rules of Criminal Procedure provides:

> A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal.  Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule."

Unless tolling applied, the district court calculated that Petitioner's federal habeas petition would be filed timely only if filed some 14-months before Petitioner filed his petition.[2]  The untimely filed state habeas petition was not properly filed; it failed to toll the federal limitations period.  The district court noted correctly that a Rule 32 petition that is rejected by the state court as untimely is not considered "properly filed" within the meaning of AEDPA's statutory tolling provision.  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1811 (2005).

For the first time in a post-judgment motion, Petitioner claimed the Affidavit submitted with his 2004 state habeas petition was still pending in state court and the pendency of that Affidavit tolled the federal limitations period. Assuming that the Affidavit constitutes an "application for State post-conviction or other collateral review," Petitioner points us to nothing in the record -- and we have found nothing -- to support Petitioner's contention that the Affidavit remains pending in state court.  Petitioner concedes that the state court issued an order returning the 2004 state habeas petition to him -- with which the Affidavit was submitted -- with instructions to re-file it as a Rule 32 petition.[3]  No explanation is

---

[2]The state argues that an earlier expiration of the statute of limitations applies than that used by the district court.  Because the district court's decision is due to be affirmed under the more forgiving calculation, we do not address the state's earlier suggested expiration.

[3]When -- as instructed -- Petitioner refiled his state habeas petition as a Rule 32 petition on 7 December 2004, Petitioner averred that no petition or appeal was pending in federal or state court

4

proffered -- and we can think of none -- why the state court order returning the 2004 habeas petition did not also dispose of the Affidavit submitted with the state petition.

Petitioner filed no appeal of the state court order returning his 2004 state habeas petition; without an appeal, that order and its resolution of the habeas petition and Affidavit achieved "final resolution." See Carey, 122 S.Ct. at 2138. The Affidavit ceased to be pending: it was not "actually being considered" by the state court. Wade, 379 F.3d at 1262.

The district court committed no reversible error when it determined that no state court application was pending sufficient to toll the federal habeas statute of limitations under 28 U.S.C. § 2244(d).

AFFIRMED.

---

attacking his judgment of conviction. Again, when Petitioner filed the instant federal habeas petition, he represented that no filed but undecided petition or appeal was pending.